IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02651-GPG

ROBERTO GUTIERREZ URBINA, Alien Number: 073-434-828,

     Petitioner,

v.

TODD BLANCHE, U.S. Attorney General,
MARKWAYNE MULLIN, U.S. Secretary of Homeland Security ("DHS"),
TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement,
ROBERT GUADIAN, Acting Denver Field Office Director, and
JUAN BALTAZAR, Warden of Denver Contract Detention Facility, in their official capacities,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus (Petition) (D. 1).

Petitioner Roberto Gutierrez Urbina alleges that he "is in the physical custody of Respondents at the Denver Contract Detention Facility and has been detained for almost two weeks" (D. 1 at 1). He states that he has resided in the United States since 1998 and has a pending application to adjust status filed by one of his U.S. citizen children (*id*. at 8–9).

Petitioner presented sufficient allegations to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) and instead purports to improperly detain him under § 1225(b)(2)(A) (D. 1 at 9). *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (finding immigrant "not detained while attempting to enter the country and [without] other circumstances that would

1

subject her to mandatory detention" was "entitled to a bond hearing"). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response

Petitioner's counsel is directed to serve Respondents with a copy of the Petition (or amended petition) and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED June 16, 2026.

BY THE COURT:

_____

Gordon P. Gallagher
United States District Judge